**Zaim DERVISEVIC, Petitioner**

v.

**ATTORNEY GENERAL OF the UNITED STATES.**

No. 09–3253.

United States Court of Appeals, Third Circuit.

Submitted for Possible Summary Action

Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6 Nov. 19, 2009.

Opinion filed: Nov. 25, 2009.

Jeffrey M. Okun, Esq., New York, NY, for Petitioner.

Eric H. Holder, Jr., Esq., Thomas W. Hussey, Esq., Andrew J. Oliveira, Esq., United States Department of Justice, Office of Immigration Litigation, Washington, DC, for Attorney General of the United States.

Before: SLOVITER, AMBRO and SMITH, Circuit Judges.

OPINION

PER CURIAM.

Zaim Dervisevic has filed a petition for review of a decision by the Board of Immigration Appeals ("BIA"), which denied his motion to reopen removal proceedings. We construe the Government's Motion for Summary Affirmance as a motion to summarily deny the petition for review, and so construed, we will grant the motion and deny the petition for review.

Dervisevic is a citizen of Montenegro, who entered the United States in 2002 and stayed beyond the time allowed by his visa. Dervisevic applied for asylum and

related relief, but an Immigration Judge denied relief on August 18, 2004. The BIA affirmed without opinion on December 21, 2005.

Dervisevic filed a motion to reopen on January 8, 2009, based on a pending Refugee/Asylee Relative Petition filed on his behalf by his wife, who had been granted asylum. A motion to reopen must normally be filed within 90 days of a final order, 8 C.F.R. § 1003.2(c)(2); but Dervisevic argued that his motion should be construed as a motion filed jointly with the Government, not subject to the 90–day limit, in light of his efforts to contact the Department of Homeland Security ("DHS") to obtain their consent.[1] The BIA "decline[d] to treat the motion as a joint motion in the absence of an affirmative statement from the DHS that it agrees to reopening." BIA decision at 1. The BIA thus found the motion untimely and denied it. We agree with the BIA that the motion was not "jointly filed," and we thus hold that the BIA did not abuse its discretion in denying the motion to reopen as untimely. *Tipu v. INS*, 20 F.3d 580, 582 (3d Cir.1994) (discretionary decisions of BIA not disturbed unless they are arbitrary, irrational, or contrary to law).

In affirmations attached to his stay motion, Dervisevic and his attorney both assert that although Dervisevic's wife and three sons all received political asylum in the United States, the BIA erred by not considering these developments as "new facts" that would permit reopening. All motions to reopen require a showing of "new facts," 8 C.F.R. § 1003.2(c)(1); thus, simply having "new facts" does not make the motion timely. Dervisevic does not

otherwise address the issue of the untimeliness of his motion to reopen in his filings in this Court, nor in the motion to reopen itself, A.R. 40–41. Dervisevic does not base his motion on a change in country conditions, which could excuse an untimely filing, 8 C.F.R. § 1003.2(c)(3)(ii); nor does he refute the BIA's finding that his motion was not "jointly filed," 8 C.F.R. § 1003.2(c)(3)(iii). We can discern no other applicable basis on which Dervisevic could claim that his motion was not subject to time limitations.[2]

Because no substantial issue is raised by the petition for review, we will summarily deny the petition.[3]

---

1. A motion "[a]greed upon by all parties and jointly filed" is not subject to the time and numerical limitations for motions to reopen. 8 C.F.R. § 1003.2(c)(3)(iii).

2. We decline to consider Dervisevic's filing of August 30, 2009, which appears to be a series

of exhibits without an accompanying motion or response. Dervisevic did not respond to the Clerk's noncompliance order entered November 2, 2009.

3. Dervisevic's motion for a stay of removal is denied as moot.